IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LINDA TATUM, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | No. 3:13-cv-1160-G-BN |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Linda Tatum has filed a motion to correct, vacate, or set aside sentence pursuant to 28 U.S.C. § 2255. For the reasons stated herein, the motion should be transferred to the United States Court of Appeals for the Fifth Circuit for appropriate action.

**Background**

Petitioner was charged with conspiring to manufacture and to possess with intent to distribute methamphetamine in violation of 21 U.S.C. § 846. She pled guilty to the offense pursuant to a plea agreement and factual resume. The Court assessed punishment at 324 months confinement. Defendant's direct appeal was voluntarily dismissed. *See United States v. Tatum,* No. 03-11350 (5th Cir. June 21, 2004). She then sought collateral relief by way of a motion to correct, vacate, or set aside sentence under 28 U.S.C. § 2255, which was summarily dismissed by the Court. *See Tatum v. United States*, No. 3:04-cv-1997-G (N.D. Tex. Oct. 13, 2005).

Petitioner now seeks post-conviction relief pursuant to 28 U.S.C. § 2255 on grounds that she received ineffective assistance of counsel when her attorney erroneously advised her that she "could expect a sentence of between 5-7 years" if she pled guilty and that she should not cooperate with the Government. Dkt. No. 2 at 4-5.

## Legal standards

The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which an individual may file a second or successive motion for post-conviction relief under Section 2255. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996, Pub. L. 104-132, 110 Stat. 1214 (1996). In order to file a second or successive Section 2255 motion, a movant must show that the motion is based on:

> (1)     newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found [him] guilty of the offense; or
>
> (2)     a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). That determination must be made by a three-judge panel of the Court of Appeals before a petitioner files her motion in district court. *See id*. §§ 2255(h) & 2244(b)(3).

## Analysis

Petitioner claims that relief under Section 2255 is appropriate because her ineffective assistance of counsel claim was not available prior to the United States Supreme Court's recent decisions in *Lafler v. Cooper*, 132 S. Ct. 1376 (2012), and *Missouri v. Frye,* 132 S. Ct. 1399 (2012). *See* Dkt. No. 2 at 13. However, that

determination must be made by the Court of Appeals before Petitioner may file her motion in district court. The Court of Appeals has not issued an order authorizing this Court to consider this successive Section 2255 motion. Petitioner must obtain such an order before another motion to correct, vacate, or set aside sentence may be filed. Accordingly, this motion should be transferred to the United States Court of Appeals for the Fifth Circuit. *See Henderson v. Haro,* 282 F.3d 862, 864 (5th Cir. 2002); *see also In re Epps,* 127 F.3d 364, 365 (5th Cir. 1997) (adopting procedure to be used when a district court transfers to the Court of Appeals a successive 28 U.S.C. § 2254 motion from a state prisoner).

## Recommendation

Petitioner's successive motion to correct, vacate, or set aside sentence under 28 U.S.C. § 2255 should be transferred to the United States Court of Appeals for the Fifth Circuit for appropriate action.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure

to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

      DATED: March 28, 2013

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE